Billings, A.J.
Plaintiffs assert that because Attorney Marcus Cohn participated in the negotiations mandated by G.L.c. 2 IE, §4A, he should be precluded from acting as trial counsel with respect to Count III, plaintiffs’ claim under Section 4A(d) for litigation fees and costs. They seek an order that another lawyer, though not necessarily from a different firm, represent the defendants at trial with respect to this count.
It bears noting that both firms which will appear at trial also participated in the negotiations. Plaintiffs’ counsel (Hill & Barlow) have addressed the issue by replacing the negotiating team (H&B attorneys Greco and Davis) with a different trial team (H&B attorneys Goodheart and Sanders). Attorney Greco is expected to testify for the plaintiffs on the Section 4A claim, which is sharply contested. Although this course of action would have been problematic under the old Code of Professional Responsibility’s “vicarious disqualification” rule, DR 5-102(A), it passes muster under the Rules of Professional Conduct, Rule 3.7(b), provided the conflict of interest rules (1.7 and 1.9) do not preclude it (as, for example, where the attorney’s and client’s testimony conflict).
Attorney Cohn appears on the plaintiffs’ witness list, but not the defendants’. Plaintiffs now represent that they do not anticipate calling him; defendants, that they have never intended to. Elaborating, defendants state that one or more corporate employees participated (along with their counsel) at the key discussions, and will testify about them; Attorney Cohn’s testimony therefore is not needed.
Rule 3.7 would preclude Attorney Cohn from serving as trial counsel if he is “likely to be a necessary witness.” The problem is not solved, in other words, by electing not to call the attorney as a witness, if the client is thereby deprived of evidence that cannot be presented by some other means.
*157 The attorney, on whose advice the client will likely rely in the matter, is in a delicate position, sometimes rising to the level of “a conflict of interest between the lawyer and client.” Rule 3.7, Comment A. In part, this is because engagement as counsel in a big case is likely to be more rewarding, in every respect, than serving as a witness. The attorney, in other words, may be tempted to err on the side of not testifying, where a disinterested adviser might counsel otherwise.
Temptation, however, does not automatically require disqualification. As the SJC said with respect to the lawyer-as-witness rules under the old Code,
first and foremost, the code is self-executing. We expect lawyers to know and comply with its provisions . . . When a lawyer, exercising his best judgment, determines that his employment will not bring him into conflict with the code, disqualification may occur only if the trial court determines that his continued participation as counsel taints the legal system or the trial of the cause before it.
Borman v. Borman, 378 Mass. 775, 787-88 (1979).
I share the general reluctance, reflected in the Borman opinion, to involve myself in the discussions between lawyer and client concerning how, and by whom, a case should be tried. Counsel on both sides of this case are experienced, capable, and of good repute. They know the case far better than I (although this knowledge gap is about to narrow considerably). I am not in a position, at this point, to say that Attorney Cohn is a necessary witness for his clients, or that his participation as trial counsel will taint the process or the case.
I have today ruled that Count III will be tried to the Court without a jury, following the verdict on Counts II and IV. This may mitigate whatever impact Attorney Cohn’s participation in this aspect of the proceedings might otherwise have had on the trial. It also gives the defendants, their counsel, and me additional time to consider whether committing the Count III proceedings to Mr. Cohn’s co-counsel might be the better part of valor. For now, however, plaintiffs’ motion is denied, without prejudice to re-assertion at a later time should matters develop differently than I now anticipate they will.